Chief Justice Robertson
delivered the Opinion of the Court.
This appeal is prosecuted to reverse a judgment for damages obtained by the appellee against the appellant. The pleadings present the only points which we shall now consider.
The declaration contains eight counts:—
1st. For tort, in a fraudulent representation by the appellant, that he had authority to sell some cord wood, cut and lying on land, which, as agent for one Brown, (the owner) he sold to the appellee.
2nd, 3rd, 4th and 8th. Assumpsit, charging that the appellant promised to secure to the appellee, the cord wood. The form and substance of these counts prove, that they are in assumpsit; for though, in some of them, the plaintiff averred that the promise was made fraudulently, it is evident that the breach of promise, and not the alleged fraud, is the gravamen; (II Chitty on pleading, 97; Ibid, 271-8-9; I Ibid, 93.)
6th. For fraudulently imposing on the appellee, a written memorial of the contract, essentially variant from the actual agreement. This.is case.
7th and 8th. Case for negligence and fraud by the appellant as the bailee of the appellee. The characteristic difference between assumpsit and case against a bailee, is, that in the former, a breach of promise; in the latter, a breach of duty, is set forth, as the sub *408 stautive canse of complaint; and the criteria for test» ing this distinction in the remedy, are exemplified in II Chitty on Pleading from 103 to 126, and from 270 to 279.
Krror to join causes of action, ex deficto and ea>. contractu.
Crittenden and Denny, for appellant; Marshall and Julian for appellee.
The appellant filed a demurrer to the declaration, and also pleaded non assumpsit and not guilty to all the counts jointly.
The demurrer to the declaration was overruled, except as to the 4th count; and the demurrer to the plea of non assumpsit was sustained.
As there was a misjoinder of contract and tort in the declaration, the circuit court erred in not sustaining the general demurrer to the whole declaration; and also erred in rendering judgment on a general verdict, when there was no remittitur, (1 Chitty¿ 207.)
Wherefore, the judgment is reversed, and the cause remanded with instructions to sustain the demurrer to the declaration, and to give the appellee leave, if he desire it, to amend his declaration, so as to make all his counts of the same general character,' either ex contractu or ex delicto.